### IN RE: CREDIT CARD PAYMENT PROTECTION PLAN MARKETING AND SALES PRACTICES LITIGATION.

### MDL No. 2195.

United States Judicial Panel on Multidistrict Litigation.

Dec. 1, 2010.

Before DAVID R. HANSEN, Acting Chairman, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES and PAUL J. BARBADORO, Judges of the Panel.

### ORDER DENYING TRANSFER

DAVID R. HANSEN, Acting Chairman.

**Before the Panel** *: Plaintiffs in an action pending in the Eastern District of Pennsylvania (*Esslinger*) and an action pending in the District of New Jersey action (*Rizera*) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Eastern District of Pennsylvania.

This litigation currently consists of these two actions and another action pending in the Eastern District of Pennsylvania (*Tractenberg*), as listed on Schedule A.[1]

Responding defendants [2] oppose centralization. Citi alternatively requests that the Panel stay its decision until its motion to compel arbitration in *Esslinger* is decided. Plaintiffs in fourteen potential tag-along actions support industry-wide centralization. Plaintiffs in four potential tag-along actions oppose industry-wide centralization; plaintiffs in one of those cases, pending in the Southern District of Illinois, support centralization only of actions against HSBC in the Southern District of Illinois.

On the basis of the papers filed and the hearing session held, we are not persuaded that the three actions contain sufficient common questions of fact to justify centralizing this litigation. While some facts in the three actions overlap as to plaintiffs' broad allegations about the allegedly deceptive marketing of defendants' debt cancellation and/or suspension products, the actions involve allegations against different credit card issuers regarding different products. Particularly weighing against centralization is that each defendant appears to have offered several different products, which were marketed in different ways and subject to different disclosures.

This litigation is markedly different from other industry-wide litigation that we previously centralized, such as MDL No. 2036—*In re: Checking Account Over-*

---

* Judges Heyburn and Vratil took no part in the decision of this matter.

1. The Panel has been informed of a total of eighteen related actions, brought against various defendants, pending as follows: three actions each in the Central District of California, the Western District of Washington, and the Eastern District of Wisconsin; two actions each in the Southern District of Florida and the Northern District of Illinois; and an action each in the Eastern District of Arkansas, the Northern District of California, the Southern District of Illinois, the District of Maryland, and the Eastern District of Michigan.

2. HSBC Bank USA, Inc., and HSBC Card Services, Inc. (collectively HSBC); and Citi-Group, Inc., and CitiCorp. (collectively Citi).

*draft Fee Litig.,* 626 F.Supp.2d 1333 (J.P.M.L.2009). MDL No. 2036 involved relatively straightforward conduct related to the "imposition of overdraft fees by the various bank defendants on their customer's checking accounts in a manner to maximize these fees." *Id.* at 1335. In our initial order of centralization, we noted that "[w]hile there will be some unique questions of fact from bank-to-bank, these actions share sufficient factual questions relating to industry-wide bank posting policies and procedures to warrant centralization of all actions in one MDL docket." *Id.* The cases before us now—which involve not only different defendants but also different products, marketing, cardholder agreements, and customer claim administration—do not involve similarly uniform conduct sufficient to justify centralization.

We also are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. Neither would granting the Southern District of Illinois plaintiffs' request to centralize only the actions involving HSBC, as there are only five such actions and potential tag-along actions. Of those five actions, three of the HSBC actions are brought by counsel for moving plaintiffs. In these circumstances, we consider voluntary coordination among the parties and the involved courts of these relatively few actions to be a preferable alternative to centralization.

Though we are denying centralization, we encourage the parties to employ various alternatives to transfer which may minimize the risk of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

MDL No. 2195—**IN RE: CREDIT CARD PAYMENT PROTECTION PLAN MARKETING AND SALES PRACTICES LITIGATION**

*District of New Jersey*
*Marilyn Rizera v. HSBC Bank USA Inc.,* et al., C.A. No. 1:10–3375

*Eastern District of Pennsylvania*
*Anna Tractenberg v. Citigroup Inc.,* et al., C.A. No. 2:10–3092
*Edward T. Esslinger, et al. v. HSBC Bank USA Inc.,* et al., C.A. No. 2:10–3213