**In re: DISCOVER CARD PAYMENT PROTECTION PLAN MARKETING AND SALES PRACTICES LITIGATION.**

**MDL No. 2217.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 7, 2011.

Before JOHN G. HEYBURN II, Chairman, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES, PAUL J. BARBADORO, Judges of the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the Panel \*:** Plaintiffs in an action (*Walker*) in the Northern District of Illinois move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the actions listed on Schedule A in the Northern District of Illinois. Defendants[1] support plaintiffs'

---

\* Judge Kathryn H. Vratil did not participate in the decision of this matter.

1. Discover Financial Services, Inc.; DFS Services LLC; and Discover Bank (collectively Discover).

motion, as do plaintiffs in the Northern District of Illinois *Callahan* and the District of South Carolina actions and plaintiffs in two potential tag-along actions. Plaintiff in the Central District of California *Conroy* action opposes centralization.

Plaintiffs' motion encompasses two actions in the Northern District of Illinois, and an action each in the Central District of California and the District of South Carolina.[2]

On the basis of the papers filed and the hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from the marketing, sale, operation and/or administration of Discover's payment protection plan. Plaintiffs contend that Discover used deceptive and unlawful sales tactics when enrolling individuals into the plan, charged higher fees than it advertised for the plan, and/or otherwise omitted material facts about the plan. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiff in the California *Conroy* action argues against centralization that, *inter alia*, her action is factually distinct from the other actions. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. Plaintiff is correct that the focus of her complaint—that Discover is marketing payment protection plans to individuals without inquiring as to whether they qualify for benefits—is somewhat different from the other complaints. The primary focus of the other actions is Discover's alleged enrolling of individuals in the plans without their consent, charging higher fees than advertised and requiring onerous affirmative steps to cease participation in the plan. Nevertheless, the actions are sufficiently similar and contain enough overlapping facts concerning the marketing of the Discover payment protection plan to benefit from centralized pretrial proceedings. Centralization will place all actions in this docket before a single judge who can structure streamlined pretrial proceedings that accommodate all parties' legitimate pretrial needs while ensuring that the common parties and witnesses are not subjected to demands that duplicate activity that will or has occurred in other actions. *See, e.g., In re Department of Veterans Affairs (VA) Data Theft Litigation,* 461 F.Supp.2d 1367, 1368–69 (J.P.M.L. 2006). Discovery and motion practice with respect to any case-specific issues, such as those presented by the Conroy plaintiff, can proceed concurrently with pretrial proceedings regarding common issues.

The circumstances now before us are different from those in MDL No. 2195—*In re: Credit Card Payment Protection Plan Marketing & Sales Practices Litigation,* 2010 WL 4940057 at *1, in which we denied both industry-wide centralization concerning payment protection litigation and a related request to centralize five actions against HSBC defendants. This litigation contains multiple nationwide putative class actions against the Discover defendants, whereas MDL No. 2195 contained only one action with nationwide class allegations and four statewide class actions against

---

**2.** The parties have notified the Panel of two related actions pending, respectively, in the Eastern District of Pennsylvania and the Western District of Tennessee. These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

the HSBC defendants. Importantly, three HSBC actions were brought by the same counsel. In contrast, the actions and potential tag-along actions in this litigation are brought by several competing counsel, which makes voluntary cooperation among counsel in the different districts a less workable alternative than in MDL No. 2195. Moreover, Discover's support of centralization adds an element of agreement among most parties to this litigation concerning the risk of inconsistent pretrial rulings and conflicting discovery demands that was lacking when the Panel was considering centralization of HSBC actions in MDL No. 2195.

The Northern District of Illinois, where the first-filed and relatively most procedurally advanced action is pending, stands out as an appropriate transferee forum. This district offers a geographically convenient location for this litigation that involves four overlapping class actions, three of which are brought on behalf of putative nationwide classes of participants in Discover's payment protection plan. Two of the three Discover defendants' corporate headquarters are located in N.D. Illinois, and likely witnesses, documents, and other information sought in discovery may be found there. In addition, almost all responding parties, including the common defendant, support centralization in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John W. Darrah for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

## SCHEDULE A

MDL No. 2217 — **IN RE: DISCOVER CARD PAYMENT PROTECTION PLAN MARKETING AND SALES PRACTICES LITIGATION**

*Central District of California*

*Devavani Conroy v. Discover Financial Services, Inc.,* et al., C.A. No. 2:10–05260

*Northern District of Illinois*

*Renee Walker, et al. v. Discover Financial Services, Inc.,* et al., C.A. No. 1:10–06994

*Kathleen Callahan v. Discover Financial Services, Inc.,* et al., C.A. No. 1:10–07181

*District of South Carolina*

*Diane Marie Alexander v. Discover Financial Services, Inc.,* et al., C.A. No. 7:10–02754