**IN RE: REFUND ANTICIPATION LOAN LITIGATION.**

**MDL No. 2334.**

United States Judicial Panel on Multidistrict Litigation.

April 16, 2012.

Before KATHRYN H. VRATIL, Acting Chairman, W. ROYAL FURGESON, JR., PAUL J. BARBADORO, MARJORIE O. RENDELL, and CHARLES R. BREYER, Judges of the Panel.

**TRANSFER ORDER**

KATHRYN H. VRATIL, Acting Chairman.

**Before the Panel:**\* Pursuant to 28 U.S.C. § 1407, plaintiffs in all actions before the Panel move to centralize this litigation in the Northern District of Illinois. Defendant JTX Tax, Inc. d/b/a Liberty Tax Services (Liberty) supports the motion as to the actions naming Liberty as defendant. Defendants H & R Block, Inc.; HRB Tax Group, Inc.; H & R Block Services, Inc.; H & R Block Enterprises, Inc.; and H & R Block Eastern Enterprises, Inc. (collectively H & R Block) agree that centralization of the actions against H & R Block in the Northern District of Illinois is appropriate, but oppose inclusion of the actions naming Liberty in centralized proceedings.

This litigation currently consists of seven actions listed on Schedules A and B and pending in four districts: one action against Liberty in each of the Eastern District of Arkansas, the Central District of California, the Southern District of Florida, and the Northern District of Illinois; and one action against H & R Block in each of the Eastern District of Arkansas, the Southern District of Florida, and the Northern District of Illinois.[1]

No party disputes that, at least, centralization of the actions involving each respective defendant group is appropriate. The actions as to each defendant group share factual questions arising out of allegations

---

\* Judge John G. Heyburn II and Judge Barbara S. Jones took no part in the decision of this matter.

1. A fourth action against H & R Block was pending in the Central District of California, but that action was voluntarily dismissed without prejudice.

Additionally, the parties have notified the Panel that an additional four actions are pending against Liberty in three districts, and an additional five actions are pending against H & R Block in five districts. These actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

that each defendant group employed deceptive, fraudulent, and unlawful business practices in the marketing, enrollment, and administration of their refund anticipation loans (RALs). Centralization of the actions against each defendant group will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Moving plaintiffs, however, seek to centralize the actions against both Liberty and H & R Block in a single MDL. On the basis of the papers filed and hearing session held, we find that the creation of a single MDL would not be appropriate for these actions. There appears to be minimal factual overlap between the RAL products offered by H & R Block and Liberty. No action names both Liberty and H & R Block as defendants, and plaintiffs do not allege that these defendant groups acted in concert. Nor do they allege there is industry-wide conduct, as was the case in *In re Checking Account Overdraft Litig.*, 626 F.Supp.2d 1333, 1335 (J.P.M.L.2009). We find, therefore, that Section 1407 centralization of the actions involving Liberty and the actions involving H & R Block together would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. *See In re Credit Card Payment Prot. Plan Mktg. & Sales Practices Litig.*, 753 F.Supp.2d 1375 (J.P.M.L.2010) (denying centralization of actions against different credit card issuers alleging deceptive marketing of debt cancellation and/or suspension products).

We are persuaded that the Northern District of Illinois is the most appropriate transferee district for both MDLs. This district is supported by all parties and it is convenient and centrally located. An action against each of Liberty and H & R

Block is pending in this district. The parties argued, and we are persuaded that, centralization of both MDLs before a single judge would provide efficiencies, in that only one judge will be required to become familiar with the similar legal issues in these cases.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the four actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Joan B. Gottschall for coordinated or consolidated pretrial proceedings under MDL No. 2334.

IT IS FURTHER ORDERED that MDL No. 2334, originally named *IN RE: Refund Anticipation Loan Litigation*, is renamed as follows: *IN RE: Liberty Refund Anticipation Loan Litigation.*

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the three actions listed on Schedule B are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Joan B. Gottschall for coordinated or consolidated pretrial proceedings under MDL No. 2373. MDL No. 2373 shall be named *IN RE: H & R Block Refund Anticipation Loan Litigation.*

## SCHEDULE A

MDL No. 2334 — **IN RE: LIBERTY REFUND ANTICIPATION LOAN LITIGATION**

*Eastern District of Arkansas*

*Zaneta Houston, et al. v. JTH Tax Inc.,* C.A. No. 4:11–00858

*Central District of California*

*Charles Madubuike, et al. v. JTH Tax Inc., et al.,* C.A. No. 2:11–09580

*Southern District of Florida*

*Pamela Patterson v. JTH Tax, Inc.,* C.A. No. 0:11–62472

*Northern District of Illinois*

*Timothy Rowden v. JTH Tax, Inc.,* C.A. No. 1:11–08233

## SCHEDULE B

## MDL No. 2373 — IN RE: H&R BLOCK REFUND ANTICIPATION LOAN LITIGATION

*Eastern District of Arkansas*

*Sandy K. Morton, et al. v. H & R Block Inc., et al.,* C.A. No. 4:11–00859

*Southern District of Florida*

*William Wimbley, et al. v. H & R Block, Inc., et al.,* C.A. No. 1:11–24159

*Northern District of Illinois*

*Norma Molina–Servin v. H & R Block, Inc., et al.,* C.A. No. 1:11–08244