# IN RE: MORTGAGE LENDER FORCE–PLACED INSURANCE LITIGATION.

## MDL No. 2388.

United States Judicial Panel on Multidistrict Litigation.

Sept. 28, 2012.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, and MARJORIE O. RENDELL, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

Before the Panel: * Pursuant to 28 U.S.C. § 1407, plaintiffs in the Southern District of Florida *Barreto* action move to centralize this litigation in that district. This litigation currently consists of 31 actions pending in 14 districts, as listed on Schedule A. Since the filing of the motion, the parties have notified the Panel of more than 25 related actions pending in various federal districts.

---

\* Judge Charles R. Breyer took no part in the decision of this matter. At oral argument, Judge John G. Heyburn II indicated that he and Judge Kathryn H. Vratil were recused from this matter, but a further examination revealed that they are not disqualified, and thus they participated in the decision.

All responding defendants [1] oppose centralization, as do plaintiffs in more than 30 actions. In the alternative, opposing plaintiffs in 14 actions suggest bank-specific MDLs limited to Chase, Wells Fargo, and/or Bank of America. Plaintiffs in 17 actions support centralization of all actions in the Southern District of Florida.

After considering the arguments of counsel, the Panel is not persuaded that the actions contain sufficient common questions of fact to justify centralizing this litigation. All actions focus on an alleged industry-wide practice among banks and insurers concerning abuses in the placement of force-placed insurance policies covering homeowner properties. Common questions of fact, however, do not predominate. Each action involves only one mortgage lender and a different force-placed insurance program governed by a lender-specific agreement negotiated with an insurance company. Additionally, the mortgage contracts at issue vary widely as to key matters such as the amount of insurance coverage required, the payment of commissions, and other rights of the borrower and lender. Thus, individualized discovery and legal issues are likely to be numerous and substantial. *See In re Mortg. Indus. Home Affordable Modification Program (HAMP) Contract Litig.*, 867 F.Supp.2d 1338, 1338–39, 2012 WL 2175734, at *1 (J.P.M.L. June 11, 2012) (denying centralization of actions challenging "industry-wide misconduct in mortgage origination, servicing, and foreclosure practices" where "the nature of plaintiffs' allegations and the involvement of many different non-overlapping defendants make the existence of common questions of fact unlikely").[2]

Plaintiffs rely primarily on *In re Checking Account Overdraft Litig.*, 626 F.Supp.2d 1333 (J.P.M.L.2009), to support their request for centralization, arguing that, there, the Panel ultimately centralized over 90 actions against more than 30 banks concerning the improper assessment of charges against customer accounts, even though there were some unique questions of fact from bank to bank. As the Panel subsequently explained, however, that MDL "involved relatively straightforward conduct" and "share[d] sufficient factual questions relating to industry-wide bank posting policies and procedures to warrant centralization of all actions in one MDL docket." *See In re Credit Card Payment Protection Plan Mktg. and Sales Practices Litig.*, 753 F.Supp.2d 1375, 1375–76 (J.P.M.L.2010). The cases before us now involve not only different defendants but different lender agreements with insurers, different alleged abuses, and different mortgage loan documents. Thus, the con-

---

1. The responding defendants are JPMorgan Chase Bank, N.A., for itself and as successor to Chase Home Finance, LLC, Chase Insurance Agency, Inc., Chase Bank USA, N.A., and Banc One Insurance Company ("Chase"); Wells Fargo Bank, N.A., Wells Fargo Insurance, Inc., and Wells Fargo Home Mortgage ("Wells Fargo"); Bank of America, N.A., and BAC Home Loan Servicing, LP ("Bank of America"); Citigroup, Inc., Citibank, N.A., and CitiMortgage, Inc.; MidFirst Bank, Inc.; FirstInsure; Financial Freedom Acquisition LLC; U.S. Bank; HSBC Mortgage Corporation; PHH Mortgage Corporation; Balboa In-surance Company; Assurant, Inc., and its subsidiaries Voyager Indemnity Insurance Company and American Security Insurance Company; QBE FIRST Insurance Agency, Inc., and QBE Specialty Insurance Company; and the Federal National Mortgage Association.

2. In light of these significant factual differences, the Panel also has determined that centralization of the actions on a bank-specific basis also is not warranted.

duct is not sufficiently uniform to justify industry-wide centralization.

Other circumstances also weigh against centralization. Many of the actions are procedurally advanced, with three actions at or near the close of discovery and several others at an advanced discovery stage. Additionally, defendants are direct competitors with each other, and placing them into the same action would complicate case management due to the need to protect trade secret and confidential information from full disclosure to the parties.

We also are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. A clear majority of plaintiffs oppose centralization, as well as all responding defendants. Plaintiffs' counsel overlap in several of the actions, and opposing plaintiffs urge the Panel to allow them to continue their efforts at voluntary coordination, which they characterize as successful to date. We encourage the parties to continue to employ alternatives to transfer which may minimize the risk of duplicative discovery and inconsistent pretrial rulings.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

#### SCHEDULE A

MDL No. 2388 — **IN RE: MORTGAGE LENDER FORCE–PLACED INSURANCE LITIGATION**

*Southern District of Alabama*

*Faire Feaz v. Wells Fargo Bank, N.A., et al.,* C.A. No. 1:12–00350

*Central District of California*

*Christopher Gustafson v. BAC Home Loans Servicing, et al.,* C.A. No. 8:11–00915

*Eastern District of California*

*Elizabeth Passantino–Miller, et al. v. Wells Fargo Bank, N.A., et al.,* C.A. No. 2:12–00420

*Northern District of California*

*Shelly A. Clements v. JPMorgan Chase Bank, N.A.,* C.A. No. 3:12–02179

*Patricia McNeary–Calloway v. JPMorgan Chase Bank, N.A., et al.,* C.A. No. 3:11–03058

*Stanley D. Cannon, et al. v. Wells Fargo Bank, N.A.,* C.A. No. 3:12–01376

*Stephen Ellsworth v. U.S. Bank, N.A.,* C.A. No. 3:12–02506

*Southern District of Florida*

*Alberto Barreto, et al. v. Chase Home Finance, LLC, et al.,* C.A. No. 1:12–22053

*Philip Pulley, et al. v. JPMorgan Chase Bank, N.A., et al.,* C.A. No. 0:12–60936

*Achikam Yogev v. JPMorgan Chase Bank, N.A., et al.,* C.A. No. 1:12–21988

*Christina Ulbrich v. GMAC Mortgage, et al.,* C.A. No. 0:11–62424

*Mark Kunzelman v. Wells Fargo Bank, N.A.,* C.A. No. 9:11–81373

*Alfred Herrick, et al. v. JPMorgan Chase Bank, N.A., et al.,* C.A. No. 1:12–22256

*Ray Williams, et al. v. Wells Fargo Insurance, et al.,* C.A. No. 1:11–21233

*Joseph Gallagher, et al. v. Bank of America, N.A., et al.,* C.A. No. 9:12–80681

*Ira Marc Fladell v. Wells Fargo Bank, N.A., et al.,* C.A. No. 0:12–61368

*Madelaine Martorella v. Deutsche Bank National Trust Co.,* C.A. No. 9:12–80372

*Middle District of Florida*

*Ruth Gordon, et al. v. Chase Home Finance, LLC, et al.,* C.A. No. 8:11–02001

*Albert J. Degutis v. Financial Freedom, LLC, et al.,* C.A. No. 2:12–00319

*Southern District of Illinois*

*Debra Simpkins v. Wells Fargo Bank, N.A.,* C.A. No. 3:12–00768

*Northern District of Indiana*

*Judith Hallie v. Wells Fargo Bank, N.A.,* C.A. No. 2:12–00235

*District of Massachusetts*

*Lee M. Berger, et al. v. Balboa Insurance Co., et al.,* C.A. No. 1:10–11583

*Karyl Resnick v. Bank of America, N.A., et al.,* C.A. No. 1:12–10231

*Northern District of New York*

*Gordon Casey v. Citibank, N.A., et al.,* C.A. No. 5:12–00820

*Southern District of New York*

*Matthew Scheetz v. JPMorgan Chase Bank, N.A., et al.,* C.A. No. 1:12–04113

*Maria Lugo v. Bank of America, N.A.,* C.A. No. 7:11–07955

*Landon Rothstein v. GMAC Mortgage, LLC, et al.,* C.A. No. 1:12–03412

*Western District of North Carolina*

*Pamela Lemmer, et al. v. Bank of America, N.A.,* C.A. No. 3:12–00242

*District of Oregon*

*Ronda Arnett, et al. v. Bank of America, N.A., et al.,* C.A. No. 3:11–01372

*Edward M. Wallace v. Bank of America, N.A., et al.,* C.A. No. 3:12–00935

*Western District of Pennsylvania*

*Desiree Morris v. Wells Fargo Bank, N.A., et al.,* C.A. No. 2:11–00474